Ridenhour *vs.* State.

Malpractice, from Muscogee. Criminal Law. Indictment. Officers. Malpractice practice in Office. Charge of Court. Jury and Jurors. Constitutional Law.
(Before Judge Willis.)

Blandford J.—1. Where a justice of the peace was indicted for malpractice in office, in wilfully and knowingly demanding and receiving more costs than he was entitled to under the law, a service on him of a copy of the indictment, except that it did not contain the names of the grand jurors was a substantial compliance with the law, and a special plea alleging that this service was insufficient was properly stricken on demurrer.

2. An examination of the entire charge shows that the court did not emphasize the receiving more than the demanding of excessive costs, but that the two were coupled together in the charge.

3. A charge that, to warrant a conviction, it must appear that the magistrate wilfully and knowingly demanded and received more costs than he was entitled to, covers the point that it was corruptly done ; and the refusal to charge that it must have been corruptly done,. will not require a new trial.

4. In the earlier decisions of this court it was held, in construing the penal code of 1833, that in a criminal case the jury were judges of the law and the facts in such sense that they could determine the law to be different from that given in charge by the judge, and such was the uniform ruling until after the late civil war. Without expressly overruling these decisions, the later rulings of the court have been to the contrary; and in 64 Ga., 454, construing the constitution of 1877, the later rulings were reaffirmed by the unanimous decision of a full bench, and though two members of the present bench do not concur in opinion with that decision, it is binding unless reversed by a unanimous bench. 5 Ga., 441; 10 Id., 512; 18 Id., 194; 22 Id., 478; 30 Id, 333, 383; 42 Id., 9; 64 Id., 454.

Judgment affirmed.

B. A. Thornton; Goetchius & Chappell, for plaintiff in error.

Thos. W. Grimes, Solicitor General; John Peabody, by brief, for the State.